UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABETTE BERIONES,<br><br>    Plaintiff,<br>v.<br><br>TRAVELERS INSURANCE; DENISE GORMAN; ERIC CROUSER; KARI PENNINGTON; and DOES 1 through 100,<br><br>    Defendants. | Civil No. 15cv1498 JAH (BGS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT [DOC. NO. 5] AND GRANTING MOTION TO DISMISS INDIVIDUAL DEFENDANTS [DOC. NO. 6] |

## BACKGROUND

Babette Beriones ("Plaintiff") originally filed a complaint in Superior Court of the State of California for the County of San Diego on February 3, 2015, alleging violation of the California Insurance Code section 790.03. Doc. No. 1 at 56-58. On June 9, 2015, Plaintiff properly served Travelers Commercial Insurance Company ("Travelers") with his summons and amended complaint. Doc. No. 1-2 at 4. Travelers, along with Denise Gorman, Eric Crouser, and Kari Pennington (together "the individual defendants"), are named as defendants. Doc. No. 1 at 56. Travelers removed this matter to district court based upon its notice of removal filed on July 7, 2015. Doc. No. 1 at 1-7. Plaintiff, in pro per, filed the pending motion to remand on July 23, 2015. Doc. No. 5 The individual defendants filed a motion to dismiss a party pursuant to Rule 12(b)(6). Doc. No. 6. Defendant Travelers filed a response on August 20, 2015. Doc. No. 8. On September 1, 2015, Plaintiff filed a response in opposition to the motion to dismiss. Doc. No. 10. The motion to dismiss was set for hearing on October 5,

2015, but was taken under submission without oral argument.  Doc. No. 14.

## DISCUSSION

I. Legal Standard

The federal court is one of limited jurisdiction.  See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998).  "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 614 (1868)).  District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removal in favor of remanding the case to state court.  Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq.  A state court action can only be removed if it could have originally been brought in federal court.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law.  See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 461 U.S. 1, 10 (1983).  The plaintiff is the master of the claim, and federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint.  See Caterpillar, 482 U.S. at 392.  The Court determines its jurisdiction from the complaint as it existed at the time of removal, not as subsequently amended.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).  Further, removal cannot be based on a counterclaim.  Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985).

The defendant has the burden of establishing that removal is proper and supporting its jurisdictional allegations with competent proof.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3

(9th Cir. 1990). In addition, the defendant must file a timely notice of removal. 28 U.S.C. § 1446(b). The notice of removal must be filed within 30 days after receipt of a copy of the initial pleading if removal can be determined from its text. Id.

The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum. Orkin v. Taylor, 487 F.3d 734, 741 (9th Cir. 2007). The Ninth Circuit recognizes the "fraudulent joinder" exception to the complete diversity. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). The Morris Court explains that "fraudulent joinder...is a 'term of art.' Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. at 1067 (citing McCabe v. General Foods Corp., 811 F.2d 1335, 1339 (9th Cir. 1987)). In other words, the test is whether on the face of the complaint there is any possibility that the plaintiff could prevail. Morris, 236 F.3d at 1068. If so, courts deny a claim of fraudulent joinder and remand is appropriate. Good v. Prudential Ins. Co. Of America, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998).

II. Analysis

Plaintiff argues remand is warranted because the individual defendants conduct as employees of Travelers make them party to both Plaintiff's contract with Travelers and Plaintiff's complaint. Doc. No. 5 at 4. Travelers contends removal is proper because the individual defendants are not parties to the underlying contract and breach of contract claim cannot be brought against a third party. Doc. No. 8 at 3-4. Also, Travelers asserts that Plaintiff's claim fails as a matter of law in that the individual defendants are only alleged to have acted in their adjuster capacity, which is generally immune from suit. Id. at 4-8.

Here, Plaintiff alleges that the individual defendants breached the underlying insurance contract by failing to properly investigate and make any settlement payment(s) after liability had been established in violation of California Insurance Code § 790.03. Doc. No. 1 at 12. Travelers removed this action to federal court on the basis of diversity of citizenship

jurisdiction pursuant to 28 U.S.C. §§§ 1332, 1441, 1446(b) in that it asserts the individual defendants are fraudulently joined and should not be considered for purposes of removal jurisdiction. Doc. No. 1 at 3 ¶ 7.

Under California law, it is well established that only a party to an insurance contract may be held liable for breach of contract or for breach of the implied covenant of good faith and fair dealing. See Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 576 (1973). Review of the insurance contract/policy between Travelers and Plaintiff reveals the individual defendants are not parties to the contract. See Doc. No. 8, Exh. 1. Accordingly, the Court finds Plaintiff fraudulently joined the individual defendants because there is no possibility Plaintiff can recover against the individual defendants as a matter of law in that the individual defendants are not parties to the policy. In addition, the Court finds removal is proper in that the individual defendants presence in Plaintiff's complaint should be ignored. Therefore, Plaintiff's motion for remand is DENIED.

Also, the Court, sua sponte, dismisses the individual defendants from this action as they were fraudulently joined at the inception of the action. Therefore, the individual defendants' motion to dismiss named individual defendants is GRANTED.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for remand [Doc. No. 5] is DENIED and the individual defendants' motion to dismiss [Doc. No. 6] is GRANTED.

Dated:   June 24, 2016

JOHN A. HOUSTON
United States District Judge